UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERNELL HAILES,**

    **Plaintiff,**

                                                                       **Civil Action 2:12-cv-00687**
    **v.**                                              **Judge Michael H. Watson**
                                                    **Magistrate Judge Elizabeth P. Deavers**

**CORBY FREE,** *et al.*

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Ernell Hailes, an Ohio inmate who is proceeding *in forma pauperis* and without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, Mr. Elam, Mr. Collier, Dr. Krisher, Mr. Artrip, Ms. Carter and Corby Free. Plaintiff alleges that Defendants Elam and Collier retaliated against him for his religious practices in violation of the First Amendment to the United States Constitution. Additionally, Plaintiff alleges that Defendant Elam deprived him of his personal property in violation of the Fourteenth Amendment. Plaintiff alleges that Defendants Krisher, Artrip and Carter acted with deliberate indifference toward his serious medical needs in violation of the Eighth Amendment. Plaintiff alleges that Defendant Free acted with deliberate indifference toward Plaintiff's prison grievance claims. Plaintiff also alleges that Defendant Free processed his prison grievances unfairly and in violation of Plaintiff's Fourteenth Amendment right to equal protection. This matter is before the Court for an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. At this time the Court will allow Plaintiff to proceed with his claims against Mr. Elam and Mr. Collier for retaliation. For the reasons set forth below, it is **RECOMMENDED** that the

Court **DISMISS** the remainder of Plaintiff's claims for failure to state a claim. Additionally, the Court acknowledges receipt of Plaintiff's September 13, 2012 correspondence to the Clerk. (ECF No. 5.)

## I. BACKGROUND

The Court assumes for purposes of the initial screen that the following allegations contained in Plaintiff's Complaint are true. Plaintiff, an inmate of the Ohio Department of Rehabilitation and Corrections, is a practicing Seventh Day Adventist. Plaintiff's religious beliefs prohibit him from working on Saturday. Plaintiff alleges that Defendants Elam and Collier, both prison corrections officers, retaliated against him for his religious practices. According to Plaintiff, on Saturday, January 14, 2012, Defendant Elam awoke Plaintiff at 2:00 a.m. and demanded "with great hostility" that Plaintiff work snow-removal detail. (Compl. 6, ¶ 5, ECF No. 6.) Plaintiff "respectfully explained" that his religion prohibited him from working on Saturday, and "promptly presented" his accommodations paperwork. *Id.* at ¶ 6. Elam became visibly upset and hostile, and threatened to throw Plaintiff "in the hole" if he did not comply. *Id.* at ¶ 7. Elam then had Plaintiff escorted to Defendant Lieutenant Collier's post. Collier demonstrated the same hostility toward Plaintiff, and allegedly called Plaintiff a "[b]aby raper/sex offender." *Id.* at ¶ 8. Collier told Plaintiff that he deserved to remain in the hole until his release date and rot there. Plaintiff was thereafter sent to isolation, where he remained for a week. While in isolation, Plaintiff was forced to live among rats and worms with "little to no heat during the winter months." *Id.* at ¶ 9. Plaintiff allegedly suffered back and shoulder pain from sleeping on a steel bed without a mattress. Prison officials later found Plaintiff "Not Guilty" of any rule infractions. *Id.*

Plaintiff alleges that Defendant Elam failed to follow prison policy when gathering

2

Plaintiff's personal property after sending him to isolation. (Compl. 7, ¶ 14.) Specifically, Plaintiff alleges that Elam did not permit Plaintiff to observe the collection of his property. Plaintiff's property was allegedly later stolen by other inmates. *Id.* at 14.

Plaintiff also alleges that prison medical staff acted with deliberate indifference toward his serious medical needs. One of Plaintiff's legs is three-eighths of an inch shorter than the other.[1] As such, Plaintiff experiences difficulty climbing the stairs to reach his housing unit. Plaintiff also finds it difficult to climb up to the top bunk without a ladder or other device to aid him. Additionally, Plaintiff is required to walk three quarters of a mile each way to the eating area for each meal. Plaintiff has had surgeries in the past that cause him to experience chronic pain.

Plaintiff sought medical attention on March 3, 2012 and was sent to see Defendant Carter. Plaintiff alleges that Carter, who "is not a board certified Doctor, but a Nurse Practitioner," "knowingly decive[d]" him into believing that she was a doctor. *Id.* at 8, ¶ 1. Carter measured the irregularities in Plaintiff's legs and ordered him a shoe-lift. Carter also noted in Plaintiff's file that Plaintiff has a prosthetic elbow and hip. According to Plaintiff, Carter "was the only person who conducted a more thorough examination" of his injuries. *Id.* She "completely contradicted the erroneous assessment given by [Defendant] Artrip" over the course of the previous year. *Id.* Plaintiff asserts that Carter later retracted her order for a shoe-lift due to budget cuts, "and by undue influence from [Defendant] Krisher." (Compl. 8, ¶ 4.)

---

[1] Plaintiff alleges that one of his legs is "3/8ths shorter" than the other. (Compl. 8, ¶ 3.) Because the relief Plaintiff seeks includes a shoe-lift, the Court presumes that Plaintiff meant to allege that one leg is three-eighths *of an inch* shorter than the other.

3

During a subsequent medical appointment, Defendant Artrip, who is also a nurse practitioner allegedly "perpetuating a fraud as [a] licensed doctor," stated that he would schedule Plaintiff to be measured for special shoes. *Id.* at 8-9, ¶¶ 7-8. Plaintiff has yet to be measured for the shoes.

On April 29, 2012, Plaintiff again sought medial attention and was sent to see Defendant Krisher. Plaintiff asserts that Dr. Krisher is "not credentialed to manage patients with chronic phsycicalities, [as] he is only a licensed surgeon." *Id*. at 9, ¶ 9. Krisher had watched Plaintiff walk across the yard from the parking lot, and questioned the validity of Plaintiff's claim that he was in pain. Plaintiff alleges that Krisher acted with hostility and in a manner "unbecoming of a professional health care provider." *Id.* Krisher advised Plaintiff to purchase Tylenol from the commissary. When Plaintiff told Krisher that he could not visit commissary for another two weeks and that the dose of Tylenol sold there was insufficient to relive his pain, Krisher allegedly told Plaintiff that he "would just have to deal with it." *Id.* at ¶ 10. Plaintiff attempted to explain how difficult it was to access the top bunk, Krisher, however, yelled at him to "to get out of his office." *Id.* at 11, ¶ 9. Plaintiff alleges that the primary concern of the prison medical staff is not to ensure the proper care of Plaintiff or his fellow inmates, "but for the sole purpose to cut cost." *Id.* at 10, ¶ 15.

Plaintiff asserts that Defendant Free acted with deliberate indifference toward Plaintiff's prison grievance complaints. Plaintiff utilized the prison grievance process to address the alleged retaliation and deliberate indifference to his medical needs set forth above. Plaintiff contends that Free, the chief inspector in charge of reviewing Plaintiff's complaints, routinely misstated facts related to the complaints. Free allegedly "failed to accord any real meaningful and fair review" to Plaintiff's claims. (Compl. 7, ¶ 12.)

Finally, Plaintiff alleges that Free processed his grievances unfairly and in violation of Plaintiff's Fourteenth Amendment right to equal protection. Specifically, Plaintiff asserts that Free acted with bias toward prison staff, and that Free customarily decides in favor of prison officials.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*  \*  \*
>
> (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the

---

[2] Formerly 28 U.S.C. § 1915(d).

action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

### III.  ANALYSIS

The Undersigned concludes that Plaintiff has failed to state a claim upon which relief may be granted with regard to his claims against (1) Defendant Elam for deprivation of property rights; (2) Defendants Carter, Artrip and Krisher for deliberate indifference toward Plaintiff's serious medical needs; (3) Defendant Free for deliberate indifference toward Plaintiff's prison grievances; and (4) Defendant Free for processing Plaintiff's prison grievances unfairly and in violation of the Fourteenth Amendment.  The Undersigned, therefore, recommends that these claims be dismissed.

**A.    Deprivation of Property Rights**

The Undersigned recommends dismissal of Plaintiff's claim against Defendant Elam for deprivation of property rights.  Plaintiff alleges that Elam failed to comply with prison policy when he gathered Plaintiff's personal property after sending Plaintiff to isolation.  Specifically, Elam did not permit Plaintiff to observe the collection of his property.  Plaintiff's property was later stolen by other inmates.  Even accepting Plaintiff's allegations as true, he has failed to state a claim upon which relief may be granted because he has not alleged that the remedies available to him under Ohio law are inadequate.  *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984).  In *Paratt*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property.  *Parratt*, 451 U.S. at 539–44.  The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional.  *Hudson*, 468 U.S. at 533–36.  C*f. Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state

procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . ."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

Here, Plaintiff has not alleged that the remedies available to him under Ohio law are inadequate to redress his claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clause.") Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

### B. Deliberate Indifference to Plaintiff's Serious Medical Needs

The Undersigned also recommends dismissal of Plaintiff's claims for deliberate indifference to his serious medical needs. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon County*,

8

625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted).  A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).  The United States Court of Appeals for the Sixth Circuit has explained the analysis as follows:

> The objective component mandates a sufficiently serious medical need.  The subjective component regards prison officials' state of mind.  Deliberate indifference entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.  The prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011) (internal quotations and citations omitted).  The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.  Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments.  However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations ommitted).  Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010).  Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Here, Plaintiff does not allege a complete failure of care.  Rather, Plaintiff alleges that the care he receives "falls below [the] Constitutionally mandated" standard of care.  (Compl. 10, ¶ 12.)  Plaintiff fails to sufficiently plead both the objective and the subjective components of an

Eighth Amendment deliberate indifference claim. Although Plaintiff's failure to sufficiently plead one of these components is dispositive, the Undersigned nonetheless addresses both components for the sake of completeness.

        **i.     Objective Component**

Plaintiff fails to allege facts sufficient to establish the objective component of a deliberate indifference claim. Plaintiff's disagreement with Dr. Krisher's advice to take Tylenol for pain management does not amount to an Eighth Amendment claim. *See Apanovitch*, 32 F. App'x at 707. Plaintiff's contention that he should have been examined by more qualified medical professionals rather than two nurse practitioners and a surgeon likewise fails to meet the objective component. Plaintiff has not alleged circumstances indicating an objective need for more qualified doctors. As set forth above, Plaintiff sought medical attention for pain associated with prior surgeries and for a shoe-lift. These symptoms do not evidence an obvious immediate need for a special type of doctor. In fact, Plaintiff admits that Defendant Carter conducted a "thorough examination" of his injuries. (Compl. 8, ¶ 1.) Carter also ordered Plaintiff a shoe-lift. Likewise, Defendant Artrip planned to have Plaintiff measured for special shoes. Although Plaintiff has yet to receive the shoes because of budget concerns, objectively the prison medical staff is adequately addressing Plaintiff's medical needs. Additionally, even if Carter and Artrip did lead Plaintiff to believe that they were doctors, Plaintiff's claim nevertheless fails. Defendants' alleged misrepresentations bear no relation to Plaintiff's medical condition. Nor has Plaintiff alleged that they caused him to suffer injury. Finally, Plaintiff has failed to offer verifying medical evidence demonstrating that any of the alleged actions of defendants have

caused serious medical injury.[3]

### ii. Subjective Component

Plaintiff also fails to allege facts sufficient to establish the subjective component of an Eighth Amendment claim. Although Plaintiff recites the elements of a deliberate indifference claim in his Complaint (Compl. 10, ¶ 13), he alleges no facts indicating that Defendants perceived a "substantial risk" to his health or that they "disregarded that risk." *Comstock*, 273 F.3d at 703. Rather, the crux of Plaintiff's claim is that Defendants have yet to provide him a shoe-lift. Plaintiff, however, acknowledges that Carter retracted her order due to "budget cuts." *Id.* at 8, ¶ 4. Indeed, Plaintiff alleges that Defendants are primarily concerned with cost management. The delay in getting Plaintiff his shoes because of budget cuts does not violate the Eighth Amendment.[4]

### C. Deliberate Indifference Toward Plaintiff's Grievances

The Undersigned also recommends dismissal of Plaintiff's claim against Defendant Free for deliberate indifference toward Plaintiff's prison grievances. State prisoners do not have a constitutionally protected right to prison grievance procedures. *Walker v. Michigan Dept. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *see also Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance

---

[3] Plaintiff also appears to take issue with the requirement that he pay a $2 co-pay for medical visits. *Id.* at ¶ 7. Although a prison must provide its inmates with adequate medical care, it is important to note that this care does not necessarily have to be free of charge. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'").

[4] Although Plaintiff alleges that "undue influence from [Defendant] Krisher" contributed to Carter's decision to retract the order for the shoe-lift, Plaintiff fails to allege any facts to support this general assertion. *Id.* at ¶ 4. The Undersigned cannot, therefore, reasonably infer that anything other than concerns of cost management motivated Carter's decision.

11

procedure."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Thus, Plaintiff has no constitutional right to a grievance procedure at all. Plaintiff has failed to state a claim upon which relief may be granted.

      **D.**      **Equal Protection Violation**

Finally, Plaintiff fails to state an equal protection claim. The Fourteenth Amendment prohibits states from denying any person "equal protection of the laws." U.S. Const. amend. XIV, § 1. As the United States Court of Appeals for the Sixth Circuit has held "[t]he Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010).

Here, Plaintiff does not allege that any of the three prohibited distinctions exist in this case. Indeed, the first prohibited distinction cannot exist because Plaintiff has no fundamental right to a prison grievance procedure. Plaintiff does not allege that the prison grievance procedure in any way targets a suspect class. Nor does Plaintiff allege that Free treated him differently from other similarly situated inmates. Rather, Plaintiff alleges that Free "acts with bias[], and customarily decides in favor of staff." (Compl. 10, ¶ 2.) Even if true, this allegation simply does not amount an equal protection violation.

### IV. PLAINTIFF'S CORRESPONDENCE TO THE CLERK

The Court acknowledges receipt of Plaintiff's September 13, 2012 letter to the Clerk. (ECF No. 5.) Plaintiff will receive proof of service on Defendants Elam and Collier after they

are served in accordance with this Order.

## V. CONCLUSION

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted with respect to his claim against Defendant Elam for deprivation of property rights.  Plaintiff has also failed to state a claim against Defendants Carter, Artrip and Krisher for deliberate indifference toward his serious medical needs.  Plaintiff failed to state a claim against Defendant Free for deliberate indifference toward Plaintiff's prison grievances.  Finally, Plaintiff failed to state an equal protection claim against Defendant Free.  It is, therefore, **RECOMMENDED** that the aforementioned claims be **DISMISSED**.  At this time, the Court will permit Plaintiff to proceed on Claim One against Defendants Elam and Collier for retaliation for engaging in religious practices only.

Assuming Plaintiff has provided sufficient service materials, the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order.  Each Defendant is **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and summons.  Furthermore, the Clerk is **DIRECTED** to mail a courtesy copy of the Complaint and this Order to the Ohio Attorney General's Office.

## VI.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: September 24, 2012                                  /s/ *Elizabeth P. Deavers*
                                                                          Elizabeth P. Deavers
                                                                          United States Magistrate Judge