# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERNELL HAILES,**

    **Plaintiff,**

v.

    Civil Action 2:12-cv-00687
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

**CORBY FREE, et al.**

    **Defendants.**

## ORDER

Plaintiff proceeds *in forma pauperis* and without the assistance of counsel in this 28 U.S.C. § 1983 prisoner civil rights action. Plaintiff asserts claims against Defendants Mr. Elam and Mr. Collier for retaliation on the basis of religion in violation of the First Amendment to the United States Constitution. Plaintiff also asserts a claim against Defendant Elam for deprivation of property in violation of the Fourteenth Amendment. Additionally, Plaintiff asserts claims against Defendants Dr. Krisher, Mr. Artrip and Ms. Carter for deliberate indifference toward his serious medical needs in violation of the Eighth Amendment. Plaintiff also asserts a claim against Defendant Corby Free for deliberate indifference toward Plaintiff's prison grievances, and for violation of his Fourteenth Amendment right to equal protection. This matter is before the Court for consideration of the September 24, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 6.) After conducting an initial screen pursuant to 28 U.S.C. § 1915(e), the Magistrate Judge recommended dismissal of all of Plaintiff's claims except his claims against Defendants Elam and Collier for retaliation. Plaintiff

filed his Objections to the Report and Recommendation on October 11, 2012. (ECF No. 12.) For the reasons that follow, Plaintiff's Objections are **OVERRULED**. The Report and Recommendation of the Magistrate Judge is **ADOPTED**. Plaintiff may proceed with his claims against Mr. Elam and Mr. Collier for retaliation in violation of the First Amendment to the United States Constitution. Plaintiff's remaining claims against Defendants Elam, Krisher, Artrip, Carter and Free are **DISMISSED**. Additionally, Plaintiff's Request for Leave to Amend his Complaint is **DENIED**. (ECF No. 12.)

## I. STANDARD OF REVIEW

The Magistrate Judge set forth the standard governing initial screens pursuant to 28 § U.S.C. 1915(e) in her Report and Recommendation. (Report and Recommendation 5–6, ECF No. 6.) Finding it unnecessary to repeat that familiar standard here, the Court adopts the standard contained in the Report and Recommendation.

## II. ANALYSIS

Plaintiff has failed to state a claim upon which relief may be granted with respect to his claims against (1) Defendant Elam for deprivation of property; (2) Defendants Krisher, Artrip and Carter with respect to deliberate indifference toward serious medical needs; (3) Defendant Free for deliberate indifference toward Plaintiff's prison grievances; and (4) Defendant Free for violation of Plaintiff's right to equal protection.

### A. Plaintiff's Claim Against Elam for Deprivation of Property

Plaintiff has failed to state a claim upon which relief may be granted against Defendant Elam for deprivation of property. In his Complaint, Plaintiff alleges that Defendant Elam, after sending Plaintiff to isolation, failed to follow prison policy in

2

collecting Plaintiff's personal belongings. As a result, Plaintiff alleges, other inmates stole Plaintiff's property.

The Magistrate Judge recommended dismissal of Plaintiff's deprivation of property claim for failure to state a claim upon which relief may be granted. Plaintiff has not objected to that portion of the Magistrate Judge's Report and Recommendation. *See Robert v. Tesson*, 507 F.3d 981, 984 (6th Cir. 2007) (holding that review of issues not raised in an objection is waived). The Report and Recommendation of the Magistrate Judge with regard to Plaintiff's deprivation of property claim is **ADOPTED**. Plaintiff's claim against Defendant Elam for deprivation of property is **DISMISSED**.

## B. Plaintiff's Claims Against Krisher, Artrip and Carter for Deliberate Indifference

Plaintiff has also failed to state a claim upon which relief may be granted against Defendants Krisher, Artrip and Carter for deliberate indifference toward Plaintiff's serious medical needs. Plaintiff alleges that one of his legs is three-eighths of an inch shorter than the other. He also alleges that he has undergone surgeries in the past, and that he has a prosthetic elbow and hip. As a result, Plaintiff alleges that he experiences chronic pain and difficulty ambulating to the cafeteria and climbing to the top-bunk.

Plaintiff alleges that Dr. Krisher acted with deliberate indifference toward Plaintiff's serious medical needs. He first challenges Dr. Krisher's qualifications, noting that he "is only a licensed surgeon," and thus ill-equipped to treat the conditions from which Plaintiff suffers. (Compl. 9 at ¶ 9, ECF No. 3.) Also, Dr. Krisher purportedly advised Plaintiff to purchase Tylenol from the commissary to manage his pain. Plaintiff

3

further alleges that Dr. Krisher acts in a manner "unbecoming of a professional health care provider." (*Id.*) Specifically, Plaintiff alleges that Dr. Krisher has yelled at him, and told him he would just have to deal with his pain until he was able to purchase Tylenol from the commissary.

Plaintiff also alleges that Defendants Artrip and Carter, both nurse practitioners, deceived Plaintiff into believing they were doctors. Additionally, during a medical visit Dr. Artrip informed Plaintiff that he would schedule an appointment for Plaintiff to be measured for a shoe-lift. As of the date of filing his Complaint, Plaintiff alleges that he has not been measured for the lift. Plaintiff further alleges that Defendant Carter previously ordered a shoe-lift, but later retracted the order due to budget cuts and because of undue influence from Dr. Krisher.

As the Magistrate Judge correctly noted, to succeed on a claim for deliberate indifference toward serious medical needs in violation of the Eighth Amendment, an inmate must satisfy both an objective and a subjective component. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Where the seriousness of a prisoner's needs for medical care is obvious even to a lay person, the constitutional violation may arise." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips*, 534 F.3d at 539-40 ("[W]here a plaintiff's claims arise from an injury so obvious that even a layperson would easily recognize the necessity for a doctor's attention . . . it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.") (internal quotation marks

4

omitted). The subjective component requires a plaintiff to "'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, that he did draw that inference, and that he then disregarded that risk.'" *Phillips*, 534 F.3d at 540 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). The subjective component "'is meant to prevent the constitutionalization of medical malpractice claims.'" *Id.* (quoting *Farmer*, 511 U.S. at 836). Deliberate indifference in this context is equivalent to a reckless disregard of a substantial risk of serious harm to the prisoner. *Id.* "[A] difference of opinion between [an inmate] and the prison health care provider and a dispute over the adequacy of [an inmate's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 Fed. App'x 704, 707 (6th Cir. 2002).

Here, Plaintiff has failed to allege facts sufficient to state a claim with respect to both the objective and the subjective components.[1] Objectively, the facts contained in Plaintiff's Complaint do not indicate that he suffers from a medical need that is "sufficiently serious" to trigger the Eighth Amendment. *Phillips*, 534 F.3d at 539. Plaintiff generally alleges that he suffers from pain related to past surgeries, and that he experiences difficulty ambulating because of the condition of his legs. Plaintiff provides no facts, however, that indicate his condition rises to the level of a serious medical need, much less one that even a layperson would recognize. Nor does Plaintiff's allegation that he should have been examined by a more qualified health professional

---

[1] The Magistrate Judge also concluded that Plaintiff failed to meet both prongs of the deliberate-indifference test. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation essentially reiterates the facts alleged in his Complaint.

5

establish the objective component of a deliberate indifference claim. Plaintiff's allegations do not demonstrate an objective need for professionals more qualified than two nurse practitioners and a surgeon.

Even if Plaintiff had alleged fact sufficient to indicate the existence of an objectively serious medical need, his claim would nevertheless fail because he has not alleged facts sufficient to meet the subjective component of a deliberate indifference claim. First, Plaintiff does not allege that he was completely denied care. Rather, he alleges disagreement with the care that he received.[2] Specifically, Plaintiff disagrees with Dr. Krisher's advice to purchase Tylenol from the commissary for pain management. (Compl. 9 at ¶ 10, ECF No. 3; Obj. 3, ECF No. 12.) Plaintiff further disagrees with prison officials' delay in ordering a shoe-lift. (Compl. 9 at ¶ 8, ECF No. 9, Obj. 3, ECF No. 12.) In his Objection, Plaintiff expresses further discontent with Dr. Krisher's refusal to prescribe light-duty detail and a bottom-bunk, as well as Defendant Artrip's refusal to order further x-rays. (Obj. 7, 2, ECF No. 12.) A disagreement over diagnosis or treatment, including the need for x-rays, does not amount to deliberate

---

[2] In his Objection to the Report and Recommendation, Plaintiff argues that prison officials' refusal to provide a lower bunk, pain medicine, and light duty restrictions amounts to a complete denial of care. (Pl.'s Obj. 7, ECF No. 12.) The Court disagrees. In his Complaint, Plaintiff alleges that he has seen Dr. Krisher, Nurse Practitioner Artrip and Nurse Practitioner Carter on multiple occasions during his incarceration. (Compl. 8-9 at ¶¶ 3, 7, 9, ECF No. 3.) He also concedes that Dr. Krisher performed a medical examination of his injuries, though he characterizes the exam as "perfunctory." (Id. 9 at ¶ 11.) Additionally, Plaintiff acknowledges that Defendant Carter performed a "thorough" examination of his injuries, during which she measured the irregularities in his legs, noted that Plaintiff has a prosthetic elbow and hip, and ordered Plaintiff a shoe-lift. (Id. 8 at ¶ 3.) The foregoing allegations demonstrate that Plaintiff has not been denied care. Rather, these facts confirm that Plaintiff is simply unhappy with the care he received.

6

indifference. See Wyatt v. Hart, 201 F.3d 442, 442 (6th Cir. 1999) (noting that a "disagreement . . . over the need for X-rays does not rise to the level of evidence of deliberate indifference"). Although disagreements with prison medical staff might give rise to a state-law medical malpractice claim—and the Court makes no determination whatsoever that they do here—they do not implicate the Eighth Amendment to the United States Constitution. Apanovitch, 32 Fed. App'x at 707.

Second, Plaintiff has not alleged facts indicating that prison medical staff subjectively perceived facts from which to infer a substantial risk to Plaintiff's health, that they did draw that inference, and that they disregarded that risk. Phillips, 534 F.3d at 540. Nothing in Plaintiff's Complaint, nor in his Objection to the Report and Recommendation, indicates that prison medical staff acted with reckless disregard to Plaintiff's condition.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted with respect to his claim of deliberate indifference against Defendants Krisher, Carter and Artrip. The Report and Recommendation of the Magistrate Judge is **ADOPTED**. Plaintiff's claims against these Defendants are **DISMISSED**.

## C. Plaintiff's Claim Against Defendant Free for Deliberate Indifference to Grievances

Plaintiff has also failed to state a claim upon which relief may be granted against Defendant Free for deliberate indifference toward Plaintiff's prison grievances. Plaintiff alleges that Defendant Free acts with bias toward prison staff when addressing prisoner grievances, and that he customarily decides grievances in favor of prison officials.

The Magistrate Judge was correct to point out that prisoners do not have a constitutional right to prison grievances. *Argue v. Hofmeyer*, 80 Fed. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 450 U.S. 460, 467 (1983)); *see also Keenan v. Marker*, 23 Fed. App'x 405, 407 (6th Cir. 2001) ("[T]here is no inherent constitutional right to an effective prison grievance procedure.") (citation omitted). Thus, any deliberate indifference relating to the prison-grievance process falls outside of the protections of the United States Constitution, and therefore outside of the scope 28 U.S.C. § 1983. *See Walker v. Mich. Dept. of Corr.*, 128 Fed. App'x 441, 445 (6th Cir. 2005) ("[A] violation of a constitutional right is required in order to obtain relief under § 1983 . . . .").

In any event, Plaintiff's arguments contained in his Objection are without merit. Plaintiff argues that he must have a constitutionally protected liberty interest in the prison grievance process because the whole point of the process is to protect constitutional rights. (Obj. 4, ECF No. 12.) But the United States Supreme Court and the Sixth Circuit have repeatedly held that proposition to be false. *Hewitt*, 450 U.S. at 467; *Argue*, 80 Fed. App'x at 430; *Keenan*, 23 Fed. App'x at 407. Inmates possess no liberty interest in the prison grievance process. Plaintiff next argues that it would violate the Constitution if prison officials, for the purpose of preventing inmates from accessing the courts, designed a grievance process with which inmates could not possibly comply. (Obj. 5, ECF No. 12.) Whether or not Plaintiff is correct, he has not alleged facts suggesting that such a situation exists here. Indeed, as this case demonstrates, the prison grievance procedure Plaintiff utilized has not prevented his access to the courts. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED**.

Plaintiff has failed to state a claim upon which relief may be granted with regard to his deliberate indifference claim against Defendant Free. His claim is, therefore, **DISMISSED**.

D. **Plaintiff's Claim Against Free for Equal Protection Violation**

Plaintiff has also failed to state a claim upon which relief may be granted against Defendant Free for violating his Fourteenth Amendment right to equal protection. Plaintiff alleges that Free violated his right to equal protection because Free acts with bias toward prison officials and routinely decides grievances in favor of prison staff. The Magistrate Judge recommended dismissal of Plaintiff's equal protection claim for failure to state a claim. Plaintiff did not raise an objection to that portion of the Magistrate Judge's Report and Recommendation. The Court, therefore, **ADOPTS** the Magistrate Judge's analysis in this regard. Plaintiff's equal protection claim is **DISMISSED** for failure to state a claim.

### III. Plaintiff's Reference to *Fussell v. Wilkinson* and Plaintiff's Request for Leave to Amend Complaint

A. *Fussell v. Wilkinson*

The Court finds Plaintiff's reference to *Fussell v. Wilkinson* irrelevant to its analysis in this case. Plaintiff discusses *Fussell v. Wilkinson*, No. 1:03-cv-704, 2005 WL 3132321 (S.D. Ohio Nov. 22, 2005) in his Objection to the Magistrate Judge's Report and Recommendation. (Obj. 1-2, ECF No. 12.) In *Fussell*, the Court approved a settlement between a class of Ohio inmates and the Ohio Department of Rehabilitation and Correction ("ODRC"). Along with his Objection to the Report and Recommendation, Plaintiff attached a Motion for Extension of Stipulation for Injunctive

Relief that was recently filed in the *Fussell* case. (*Id.* at Ex. 2, ECF No. 12-2.) In that motion, the plaintiffs' counsel alleges that, despite the settlement, system-wide problems still exist in the ODRC. Plaintiff argues that the deficiencies identified in the motion caused the injuries he complains of in his Complaint.

*Fussell* is unrelated and thus irrelevant to this case. The fact that a class of plaintiffs allege that problems exist in ODRC has no bearing on whether the Defendants named in Plaintiff's Complaint committed constitutional violations against Plaintiff. Put another way, Plaintiff cannot rely on unrelated factual allegations contained in an unrelated case to state a claim upon which relief may be granted. Rather, Plaintiff must allege that he, the pleader, is entitled to relief because of actions that Defendants committed. Fed. R. Civ. P. 8(a). He has not done so here with regard to the claims discussed above. Those claims are, therefore, dismissed.

**B.   Plaintiff's Request for Leave to Amend Complaint**

In an effort to avoid dismissal of the claims discussed above, Plaintiff requests leave to amend his Complaint to cure the defects contained therein. (Obj. 9, ECF No. 12.) Plaintiff's Motion is **DENIED**. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the [PLRA], courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal.") (overruled on other grounds); *see also Bright v. Thompson*, 467 Fed. App'x 462, 464 (6th Cir. 2012) (noting that, in dismissing a prisoner's complaint for failure to state a claim pursuant to § 1915(e)(2), the court must do so "without first affording a plaintiff leave to amend").

## IV. CONCLUSION

Accordingly, Plaintiff's Objections to the Report and Recommendation of the

Magistrate Judge are **OVERRULED**. The Report and Recommendation is **ADOPTED**. (ECF No. 6.) At this juncture, Plaintiff may proceed on his claims against Defendants Elam and Collier for retaliation. The remainder of Plaintiff's claims are **DISMISSED**. Plaintiff's request for leave to amend his Complaint is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**