UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERNELL HAILES,**

    **Plaintiff,**

                          Civil Action 2:12-cv-00687
    v.                     Judge Michael H. Watson
                          Magistrate Judge Elizabeth P. Deavers

**MR. COLLIER,** *et al.*

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Ernell Hailes, an inmate in the custody of the Chillicothe Correctional Institution ("CCI"), who is proceeding without the assistance of counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, Officer Elam ("Elam") and Lieutenant Collier ("Collier") retaliated against him for exercising his religion. This matter is before the Court for consideration of Plaintiff's Motion for Leave for Further Discovery (ECF No. 37), Defendants' Memorandum in Opposition (ECF No. 38), and Plaintiff's Reply (ECF No. 39). The Court construes Plaintiff's Motion as a request for discovery under Federal Rule of Civil Procedure 56(d). For the reasons that follow, Plaintiff's Motion is **GRANTED**. As a result, Defendants' Motion for Summary Judgment (ECF No. 23) is **DENIED WITHOUT PREJUDICE** to re-filing when the limited discovery described in this Order has been completed.

### I.

Plaintiff brings this action under 42 U.S.C. § 1983. He contends that Defendants violated his rights under the First Amendment of the United States Constitution when they took an

adverse action against him for refusing to report to work on his Sabbath day.  Plaintiff is a Seventh Day Adventist.   According to Plaintiff, his religion dictates that he refrain from working on the Sabbath, which lasts from sundown on Friday until sundown on Saturday. (Mot.for Summ. J. 8, ECF No. 23-1).  As such, on March 3, 2011, Plaintiff submitted a Request for Religious Accommodation ("Accommodation"), requesting a work schedule that would allow him to observe the Sabbath.  CCI granted the Accommodation on March 7, 2011.  CCI assigned Plaintiff to a position as a Yard Worker, which generally requires inmates to work Monday through Friday.

On Saturday, January 14, 2012, at around 2:00 a.m., Defendant Elam woke Plaintiff and ordered him to report to work due to a snow event.  Plaintiff asserts in his Complaint that he refused to report to work because it was the Sabbath.  Further, Plaintiff asserts that he showed his Accommodation paperwork to Defendant Elam, and later to Defendant Collier.  Defendants maintain that they were unaware of Plaintiff's Accommodation.  Further, in affidavits, Defendants deny that Plaintiff ever provided his Accommodation paperwork.

Because he refused to report to work, Defendant Elam issued a conduct report to Plaintiff for which Plaintiff was put in segregation.  On January 19, 2012, Plaintiff appeared before a Hearing Officer for adjudication of the Conduct Report.  The Hearing Officer found Plaintiff not guilty of the conduct violation.  (Mot. for Summ. J. Ex. C, ECF No. 23-3).

Defendants filed a Motion for Summary Judgment on July 22, 2013.  (ECF No. 23.)  In their Motion, Defendants maintain that Plaintiff refused to show his Accommodation paperwork. In his Supplemental Brief in Reply, Plaintiff again asserts that he showed Defendants the Accommodation paperwork.  Plaintiff, however, but does not make that statement in an affidavit

2

or sworn declaration under the penalty of perjury as he must for the Court to consider it under Federal Rule of Civil Procedure 56. (*See* Pl.'s Supp. Brief 3, ECF No. 31.)

Plaintiff filed the subject Motion on November 13, 2013. In the Motion, Plaintiff notes that Defendants' "main argument" in their Motion for Summary Judgment involves Plaintiff's refusal to show Elam and Collier his Accommodation paperwork. (Pl.'s Mot. for Disc. 1, ECF No. 37.) In order to respond to this contention, Plaintiff asks the Court to order Defendants to turn over the misconduct summary judgment dismissal document, which he asserts will "state that the plaintiff did meet with the officers, the reason for the meeting, and the results of the meeting, including [the] hearing sergeant's reason for dismissal." (*Id.*) In their Memorandum in Opposition, Defendants assert that they have already provided such document as an exhibit in their Pending Motion for Summary Judgment. (Defs.' Mem. in Opp. 10, ECF No. 38, citing Mot. for Summ. J. Ex. C, ECF No. 23-3.) The Court is unable to discern whether the document provided as Exhibit C in Defendant's Motion for Summary Judgment is the document that Plaintiff is requesting in his Motion. (*See* Mot for Summ. J. Ex. C, ECF No. 23-3.) The document is titled "Hearing Officer's Report" and contains only minimal information about the Hearing Officer's not-guilty finding.

## II.

Federal Rule of Civil Procedure 56(d) provides as follows:

If a nonmovant shows by affidavit or declaration[1] that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

---

[1] Construing Plaintiff's *pro se* filing liberally, as it must, the Court finds that Plaintiff's Motion for Discovery sufficiently sets out the need for discovery, even though Plaintiff has not presented the request by formal affidavit or declaration. *See Spotts v. U.S.*, 429 F.3d 248, 250 (6th Cir. 2005) ("Because [plaintiff] is proceeding *pro se*, we construe [his or] her filings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (concluding that allegations in a *pro se* complaint must be held to less stringent standards than those of "formal pleadings drafted by lawyers").

  (1)  defer considering the motion or deny it;

  (2)  allow time to obtain affidavits or declarations or to take discovery; or

  (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d). The party requesting a delay in disposition of a summary judgment motion to obtain additional evidence "must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Enyart v. Karnes*, No. 2:09-CV-687, 2011 WL 1070870, at *1 (S.D. Ohio Mar. 21, 2011) (citing *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000)).

### III.

The Court concludes that Plaintiff is entitled to the discovery prior to a ruling on Defendants' Motion for Summary Judgment. In his Motion, Plaintiff specifically describes the document he is requesting. Plaintiff further asserts that he is requesting the document to counter Defendants' contention that he did not provide his Accommodation paperwork. Finally, though Plaintiff did not make his request under Rule 56(d) until November 13, 2013, the Court concludes that his request is not dilatory. Although Plaintiff has been able to conduct some general discovery, his current request is in direct response to Defendants' assertions in their Motion for Summary Judgment which did not become ripe for review until September 23, 2013.

Even more persuasive, the discovery Plaintiff requests could impact the Court's ruling on Defendants' Motion for Summary Judgment. In determining whether a district court abuses its discretion in denying a motion under Rule 56(d), the United States Court of Appeals for the Sixth Circuit considers, among other factors, "whether the desired discovery would have changed the ruling below." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th. Cir. 2008). Here, the document Plaintiff requests has the potential to include competent summary judgment evidence

4

to corroborate his assertion that he provided the Accommodation paperwork to Defendants. Since Defendants contest this fact in their Motion for Summary Judgment, further discovery into this issue could have an impact on the Court's ruling.

## IV.

Accordingly, Plaintiff's Motion for Discovery under Rule 56(d) is **GRANTED**. (ECF No. 37.)   Plaintiff is **DIRECTED** to inform the Court **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**  whether the document Defendants provided as Exhibit C in their Motion for Summary Judgment is the document to which he is referring in his Motion.  For ease of reference, the Court has attached the document to this Order as Exhibit 1.  If not, Plaintiff is **DIRECTED** to provide Defendants with specific information to enable them to produce the appropriate document(s).  If Defendants maintain that such a document does not exist, they must support this showing with sworn affidavits.  Defendant's Motion for Summary Judgment (ECF No. 23) is therefore **DENIED WITHOUT PREJUDICE** to re-filing after the limited discovery described in this Order has been completed.

**IT IS SO ORDERED.**

Date: January 27, 2014                                       /s/ *Elizabeth Preston Deavers*
                                                                            Elizabeth Preston Deavers
                                                                            United States Magistrate Judge