# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERNELL HAILES,**

    **Plaintiff,**

                                                                               Civil Action 2:12-cv-00687
    v.                                                         Judge Michael H. Watson
                                                               Magistrate Judge Elizabeth P. Deavers

**MR. COLLIER,** *et al.*

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Ernell Hailes, an inmate in the custody of the Chillicothe Correctional Institution ("CCI") who is proceeding without the assistance of counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, Corrections Officer Elam ("Officer Elam") and Corrections Lieutenant Collier ("Lieutenant Collier") impeded his ability to exercise his religion in violation of his First Amendment rights. This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants' renewed Motion for Summary Judgment. (ECF No. 48.) For the reasons that follow, it is **RECOMMENDED** Defendants' Motion be **GRANTED**.

This matter is also before the Court for consideration of Plaintiff's Motion to Seek Leave to Add Lawrence Freeman, Amy Hamilton, and Deputy Warden Cunningham as Defendants (ECF No. 50), and Defendants' Memorandum in Opposition (ECF No. 52). For the reasons that follow, Plaintiff's Motion is **DENIED**.

**I.**

The Court incorporates by reference the factual background set forth in its January 27, 2014 Order. (ECF No. 40.) The Court sets forth the following procedural background as it relates to the instant Motion.

Defendants filed their initial Motion for Summary Judgment on July 22, 2013. (ECF No. 23.) Plaintiff filed a Response in Opposition on August 2, 2013. (ECF No. 25.) The Response, however, appeared to be an objection to the Ohio Attorney General's representation of Defendants in this case. The Court overruled the objection and granted Plaintiff additional time to file a proper Response. (ECF No. 27.) Thereafter, Plaintiff filed two documents: one titled "Objection to Reply to Response to Motion for Summary Judgment" (ECF No. 28) and "Objection to Defendants' Motion for Summary Judgment and Supplement" (ECF No. 29.) Defendants filed a timely Reply on September 23, 2013. (ECF No. 30.) The Court then granted Plaintiff leave to file a Sur-Reply. (ECF No. 34.)

When the previous Motion for Summary Judgment was fully briefed, Plaintiff filed a Motion for Leave for Further Discovery. (ECF No. 37.) The Court construed this Motion as a request for discovery under Federal Rule of Civil Procedure 56(d) and granted the Motion to allow Plaintiff to properly respond to Defendants' pending Motion for Summary Judgment. (ECF No. 40.) The Court allowed Plaintiff limited discovery into his misconduct summary judgment dismissal document, and denied Defendants Motion for Summary Judgment without prejudice to refiling after the limited discovery was completed. (*Id.*)

Plaintiff filed his next response on February 14, 2014. (ECF No. 41.) In this document, Plaintiff indicates that Defendants already provided the document he sought in discovery.

Because no additional information was acquired in discovery, the Court therefore directed Defendants to re-file or supplement their Motion for Summary Judgment. (ECF No. 47.)

Plaintiff filed several additional documents on February 14, 2014. First, he filed a document titled Notice of Exhibits, which consists of unrelated or previously filed grievances and his previously filed religious accommodation paperwork. Next, Plaintiff filed a signed affidavit of fellow inmate Bruce Wilson (ECF No. 43) and an unsigned affidavit of CCI Chaplain Dr. Lawrence E. Freeman (ECF No. 44). Finally, he filed a Motion to Add Lieutenant Shane Clark as a Defendant. (ECF No. 45.) Plaintiff did not indicate whether the affidavits were intended to be in support of the Motion to Add Lieutenant Shane Clark, or in support of the then-unfiled Renewed Motion for Summary Judgment. The Court denied Plaintiff's pending request to add Lieutenant Shane Clark as a Defendant. (ECF No. 47.)

Defendants timely filed their renewed Motion for Summary Judgment (ECF No. 48) and their Exhibits. (ECF No. 49.) In their Motion, Defendants assert that they are entitled to summary judgment for four reasons. First, they assert that Plaintiff's claims for verbal harassment fail as a matter of law. Second, Defendants contend that Plaintiff's allegations establish only negligence, and not intentional retaliation. Third, Defendants posit that Plaintiff fails to establish two of the three elements required to establish a claim of retaliation. Finally, Defendants assert that they are entitled to qualified immunity. Rather than filing another response, Plaintiff filed a Motion to Seek Leave to Add Party Defendants. (ECF No. 50.) Defendants opposed Plaintiff's Motion on April 1, 2014. (ECF No. 52.) The matter is now fully briefed.[1]

---

[1] Defendants' renewed Motion for Summary Judgment is nearly identical to their previous Motion for Summary Judgment. The only change is a footnote indicating that the parties conducted limited discovery. (Def.'s Mot. 7 n.4, ECF No. 48.) They also object to Plaintiff's February 14, 2014 affidavits. Because Defendants have not raised any new issues in their

3

**II.**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisc. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

---

renewed Motion for Summary Judgment, the Court will consider Plaintiff's previous responses to Defendants' Motion for Summary Judgment to the extent needed to rule on the instant Motion.

# III.

## A. Joinder Under Rule 20

The Court concludes that Plaintiff's Motion to Seek Leave to Add Party Defendants lacks merit and is **DENIED**. As set forth in the Court's February 21, 2014 Order,

> Federal Rule of Civil Procedure 20 permits joinder of defendants in one action if claims arise out of the "same transaction [or] occurrence" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also Arista Records, LLC v. Does 1-9*, No. 2:07-cv-961, 2008 WL 2982265, at *8 (S.D. Ohio July 29, 2008) ("For proper joinder of multiple parties, both requirements of Rule 20(a) must be satisfied . . . ."). "'In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Damron v. Sims*, No. 2:09-CV-050, 2010 WL 4809090, at *1 (S.D. Ohio Nov. 17, 2010) (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

(Opinion and Order 2, ECF No. 47.)

Plaintiff's claims against Lawrence Freeman, Amy Hamilton, and Deputy Warden Cunningham do not arise out of the same transaction or occurrence as his claims against the current Defendants. Plaintiff's claims against the current Defendants arise out of an incident that occurred on January 14, 2012, in which Plaintiff asserts that Lieutenant Collier and Officer Elam took an adverse action against him for refusing to work on his Sabbath. To support his position that the addition of Mr. Freeman, Ms. Hamilton, and Deputy Warden Cunningham is proper, Plaintiff indicates that Mr. Freeman, the prison's chaplain, improperly refused to sign an affidavit Plaintiff prepared. Plaintiff provides the unsigned affidavit as an attachment to his Motion. The affidavit addresses the procedure for acquiring a religious accommodation as well as a statement that Mr. Freeman visited Plaintiff when he was housed in solitary confinement. According to Plaintiff, Ms. Hamilton advised Mr. Freeman not to sign the affidavit. Plaintiff filed an informal complaint against Mr. Freeman and Ms. Hamilton. Plaintiff indicates that

5

Deputy Warden Cunningham returned the complaint "with an [in]comprehensible response, saying something to the effect of [']he could not tell what [Plaintiff] was seeking but that [Plaintiff's] time had expired.'" (Pl.'s Mot. 3, ECF No. 50.)

Plaintiff does not assert that the proposed Defendants retaliated against him for exercising his religion. The situation he describes with the proposed Defendants occurred in March 2014, nearly two and a half years after Plaintiff filed his initial Complaint. *See Ratcliff v. Moore*, 614 F. Supp. 2d 880, 888 (S.D. Ohio 2009) (finding that plaintiff failed to meet the "same transaction or occurrence" requirement under Rule 20 where he attempted to add a new party based on an incident that took place a year after the initial incident in which his injury arose); *Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 WL 6090132, at *3 (E.D. Mich. Dec. 7, 2011) ("When claims involve different conduct during different time periods, they should not be tried together").

As best as the Court can discern, Plaintiff may be indicating that the proposed Defendants took action in retaliation for his filing of the instant lawsuit. For example, Plaintiff contends that the proposed Defendants took action to "pervert [Plaintiff] out of the justice he seeks" in attempting to "right a wrong . . . perpetrated against him by the State of Ohio . . . ." (Pl.'s Aff. 3, ECF No. 50-1.) Joinder of parties under Rule 20, however, "'is a matter highly dependent on judicial discretion.'" *Konica Minolta Bus. Solutions, U.S.A., Inc. v. Allied Office Prods., Inc.*, No. 2:06-cv-71, 2006 Wl 3827461, at *5 n.2 (S.D. Ohio Dec. 27, 2006). A court has the discretion to deny joinder under Rule 20 when it concludes that "the difference between parties, time frames, and circumstances makes joinder improper." *Ratcliff*, 614 F. Supp. 2d at 888. Here, Plaintiff attempts to name three new Defendants years after he filed his Complaint, based

on completely different circumstances. The Court declines to join the proposed Defendants as parties to this action. Plaintiff's Motion is therefore **DENIED**.

**B.     Summary Judgment**

As a preliminary matter, the Court will address the various documents Plaintiff filed after the Court granted his Motion for Limited Discovery under Rule 56(d). First, Plaintiff filed a document titled Notice of Exhibits Response. (ECF No. 42.) In this Notice, Plaintiff identifies and provides forty-five pages of documents, including grievance forms about unrelated topics and again submitted his previously-provided Religious Accommodation paperwork. He further provides grievance records related to his attempts to add as Defendants Lieutenant Shane Clark, Lawrence Freeman, Amy Hamilton, and Deputy Warden Cunningham. The Court concludes that the documents in Plaintiff's Notice are unnecessary, redundant, or irrelevant to the current Motion, and therefore will not be considered.

Plaintiff also provides the affidavit of Bruce Wilson. (ECF No. 43.) Mr. Wilson is an inmate at CCI who asserts that he was a witness to the events that occurred on January 14, 2012. In his affidavit, Mr. Wilson sets forth that he has personal knowledge of the incident and is competent to testify to the matters stated. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") Importantly, Mr. Wilson avers that Plaintiff showed his accommodation paperwork to Officer Elam, who then escorted Plaintiff to "Post 5." (Wilson Aff. ¶ 4, ECF No. 43.) In the interest of viewing the facts in the light most favorable to Plaintiff, the Court will consider Mr. Wilson's affidavit for the purpose of disposing the instant Motion.

*See* Fed. R. Civ. P. 56(c)(3) ("The court need only consider the cited materials, but it may consider other materials in the record").

### 1. Verbal Harassment by Officer Elam and Lieutenant Collier

Plaintiff's sole claim for relief is that Defendants retaliated against him for exercising his right to engage in religious practices. In this case, Plaintiff asserts that Defendants called him names such as "baby raper" and threatened him on the night he did not report for work duty. (April 3, 2012 Grievance 1, ECF No. 3.) Defendants contend that Plaintiff's claim for retaliation based on verbal harassment fails for two reasons. First, they assert that Plaintiff has failed to provide competent summary judgment evidence because he did not file an affidavit or sign his complaint under the penalty of perjury.[2] Second, Defendants argue that for all matters arising under 42 U.S.C. § 1983, including retaliation for exercising religion, courts have consistently held that verbal harassment does not rise to the level of a constitutional violation.

Defendants' argument that verbal harassment does not rise to the level of a constitutional violation is persuasive. "Mere insults are generally not actionable under 42 U.S.C. § 1983." *Siggers v. Renner*, 37 F. App'x 138, 141 (6th Cir. 2002); *see also Wingo v. Tennessee Dept. of Corr.*, 499 F. App'x 453, 455 ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a § 1983 claim for relief."); *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) ("An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation" (internal citations omitted)). Here, Plaintiff alleges only verbal harassment and generalized threats. Such conduct does not rise to the level of a constitutional violation under § 1983. Accordingly, it is **RECOMMENDED** that the Court grant Defendants' Motion for Summary Judgment to the

---

[2] Although they are correct that most of Plaintiff's claims in this regard are unauthenticated, Defendants do not address Mr. Wilson's Affidavit, in which he avers that Officer Elam made a verbal threat that he would slap Plaintiff if he did not hurry. (Wilson Aff. ¶ 4, ECF No. 43.)

extent that Plaintiff asserts that Defendants' rude conduct and offensive comments constitute retaliation in violation of the First Amendment.

2. **Negligence**

Defendants contend that Plaintiff has failed to demonstrate that prison officials burdened his free exercise rights under the First Amendment because he only points to an "isolated incident of negligence in failing to remove his name, or check first for religious accommodation prior to issuing the list" of available Yard Workers to perform snow removal duties. (Mot. for Summ. J. 17, ECF No. 48.) They contend that mere negligence in the administration of the religious accommodation policy is insufficient to prove intentional retaliation. In his previous Memorandum in Opposition, Plaintiff asserts that Defendants are not permitted to interfere with his religious rights, whether the incident is "isolated or not." (Pl.'s Mem. in Opp. 4, ECF No. 29.) Plaintiff also provides the affidavit of Bruce Wilson, in which Mr. Wilson avers that Plaintiff showed Defendant Elam his accommodation paperwork on the night he was awakened by Officer Elam. (Wilson Aff. ¶ 4, ECF No. 43.)

"Negligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause." *Lovelace v. Lee*, 472 F.3d 174, 201-02 (4th Cir. 2006). Here, Plaintiff requested and was granted a religious accommodation that excused him from working on his Sabbath day. His normal schedule only required him to work Monday through Friday "except for short-notice emergency work details requests such as snow removal." (Johnson Aff. ¶ 7, ECF No. 49-2.) In the nearly year-long period in which he was employed as a Yard Worker, Plaintiff only points to this one instance in which he was required to work on his Sabbath day.

Defendants do not, however, address Mr. Wilson's affidavit, in which he avers that Plaintiff showed his accommodation paperwork to Officer Elam. Mr. Wilson's affidavit is

9

sufficient to create a genuine dispute of material fact as to whether Defendants knew about Plaintiff's religious accommodation and therefore acted intentionally to deprive Plaintiff of his free exercise rights. A reasonable jury could determine that, if Defendants were aware of the religious accommodation and nonetheless punished Plaintiff by forcing him to work on his Sabbath, this conduct could rise above the level of mere negligence. Defendants, therefore, are not entitled to summary judgment on this basis. Nevertheless, as set forth below, the Undersigned concludes Plaintiff has failed to prove all the requisite elements and that Defendants are entitled to summary judgment on the only remaining claim of retaliation.

### 3. Retaliation

The elements of a First Amendment Retaliation Claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 2000)). Plaintiff bears the burden of proof on all three elements. *Barhite v. Mich. Dep't of Corrs.*, No. 06-CV-11292, 2007 WL 2657098, at *3 (E.D. Mich. Sept. 5, 2007). Defendants concede that Defendant Collier's placement of Plaintiff into segregation constituted an adverse action for the purposes of element two.[3] (Mot. for Summ. J. 19, ECF No. 49.) Thus, Defendants are entitled to summary judgment if Plaintiff cannot meet element one or three.

According to Plaintiff, he engaged in protected conduct by refusing to report to an emergency work detail on his Sabbath. He indicates that Defendants retaliated against him by

---

[3] Defendants note, and the Court agrees, that the only action Plaintiff alleges as to Defendant Elam is that he woke Plaintiff and told him to report to work. This action does not amount to an adverse action.

10

putting him in solitary confinement. The parties dispute whether, on the night in question, Plaintiff showed his religious accommodation to Defendants. (Wilson Aff. ¶ 4, ECF No. 43, Elam Inter. ¶ 6, ECF No. 49-9, Collier Inter. ¶ 6, *Id.*) Defendants assert, however, that even if Defendants had knowledge of Plaintiff's accommodation, a prison inmate is not engaged in protected conduct when he or she violates legitimate prison regulations. (Mot. for Summ. J. 19, ECF No. 48.)

The Undersigned concludes that Plaintiff was not engaged in a protected activity when he failed to report for work during the snow event. "[I]t is generally much harder for a prisoner to show that his conduct is protected because prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern." *Thaddeus-X*, 175 F.3d at 395 (citing *Turner v. Safley*, 482 U.S. 78, 107 (1987)); *see also Heard v. Caruso*, 351 F. App'x 1, 10 (6th Cir. 2009) ("The Supreme Court has explained that although 'incarceration does not divest prisoners of all constitutional protections,' the 'constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by society at large.'") (quoting *Shaw v. Murphy,* 532 U.S. 223, 228-29 (2001)); *Treesh v. Bobb-Itt*, No. 2:10-CV-211, 2011 WL 3837099, at *3 (S.D. Ohio Aug. 29, 2011) ("[A] prisoner's right to religious freedom must be balanced against, and at times made subservient to, the legitimate interests of penological safety, order, and the corrections process."). Further, "if a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct." *Thaddeus*-X, 175 F.3d at 395 (internal quotations omitted). Here, the Ohio Department of Rehabilitation and Correction's policy on Institutional Religious Services provides as follows:

> The opportunity for inmates to engage in particular religious practices shall be subject to the legitimate departmental or institutional interests and concerns, including security, safety, health, discipline, rehabilitation, order, and the limitations of and allocation of resources.

(ODRC Policy 72-REG-01, ECF No. 49-5.) Defendants have provided an affidavit from Cassie Johnson, whose duties include supervising and overseeing prison-inmate job assignments. Ms. Johnson affirms that Plaintiff's job duties include "being summoned to remove snow and spread salt upon walkways outside prison buildings but inside the prison compound, often times with little to short-notice, and often times at non-scheduled times when Yard Workers are not already working, or scheduled to work." (Johnson Aff. ¶ 6, ECF No. 49-2.) CCI's penological concern in ensuring snow-removal is as follows:

> Because of the frequent mass movement of large numbers of prison inmates to and from the Chow Hall, as well as to other locations within the prison compound, and prison staff's needs to access buildings by walking on exterior walkways and paths, snow removal is a necessary and essential function for the safety and good order of the institution, its inmates and employees during such snow and ice events.

(*Id.* at ¶ 7.) Defendants have adduced sufficient evidence to show that Defendants took adverse action against Plaintiff for violating a legitimate prison regulation. Plaintiff refused to report to work during a snow emergency in violation of ODRC Policy 72-Reg-01. Plaintiff has not met his burden of proof to show that he engaged in protected conduct.

Moreover, even if Plaintiff had engaged in protected activity, his claim would still fail under element three. In his Complaint, Plaintiff asserts that Defendants engaged in "[r]etaliation and punitive punishment for practicing Religious Belief set forth by the traditions of Seventh Day Adventist." (Compl ¶ 4, ECF No. 3.) He has failed to plead any facts, let alone adduce sufficient evidence, to demonstrate that the exercise of his protected right was a motivating factor in Defendants' purported retaliatory actions. Plaintiff has "simply allege[d] retaliation without establishing causal connection." *Lewis v. Turner*, 16 F. App'x 302, 304 (6th Cir. 2001).

It is therefore **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.[4]

## IV.

For the reasons set forth above, it is **RECOMMENDED** Defendants' Motion for Summary Judgment be **GRANTED**. (ECF No. 48.) Further, Plaintiff's Motion to Seek Leave to Add Lawrence Freeman, Amy Hamilton, and Deputy Warden Cunningham as Defendants is **DENIED**. (ECF No. 50.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

---

[4] The Court dispenses with an analysis of qualified immunity given this recommendation to grant summary judgment to Defendants on the merits.

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: June 3, 2014 /s/ *Elizabeth Preston Deavers*
Elizabeth Preston Deavers
United States Magistrate Judge

14