UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ernell Hailes,

    Plaintiff,

v.

Corby Free, *et al.*,

    Defendants.

Case No. 2:12-cv-687

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff objects to the Order and Report and Recommendation ("Order and R&R") Magistrate Judge Deavers issued in this prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. The Order and R&R denied Plaintiff's motion to add additional defendants to the case and recommended dismissing Plaintiff's First Amendment retaliation claim. For the following reasons, the Court overrules Plaintiff's objections.

## I. FACTS

Plaintiff is a Seventh Day Adventist in the custody of the Chillicothe Correctional Institution. He states that he was granted a religious accommodation to relieve him from working on Saturdays, his Sabbath. Nonetheless, he contends that Defendant Officer Elam woke Plaintiff up early one Saturday morning and directed Plaintiff to report to snow duty. He states that when he refused, Defendant Elam took him to Defendant Lieutenant Collier, who placed him into segregation as retaliation for exercising his First Amendment

right to the free exercise of religion. Additionally, Plaintiff states that he showed his religious accommodation paperwork to both Defendants but that it was ignored.

## II. STANDARD OF REVIEW

This case invokes two standards of review. With respect to the ruling on Plaintiff's motion to add defendants, Magistrate Judge Deavers issued an order pursuant to Federal Rule of Civil Procedure 72(a). In considering objections to Rule 72(a) Orders, the Court must modify or set aside any portion of the order that is clearly erroneous or contrary to law.

With respect to Defendants' motion for summary judgment on Plaintiff's First Amendment claim, Magistrate Judge Deavers issued an R&R pursuant to Federal Rule of Civil Procedure 72(b)(2). That rule provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

Plaintiff fails to address the R&R's conclusion that he was not engaging in protected activity when he failed to report for snow duty on his Sabbath because his failure to report violated the ODRC's policy on Institutional Religious Services. His silence on that conclusion means the Court will not review it *de novo*. 28 U.S.C. § 636(b) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Because the Court adopts that conclusion, Plaintiff's First Amendment retaliation claim necessarily fails. The Court nonetheless addresses Plaintiff's objections for completeness.

Plaintiff's objections are somewhat difficult to decipher, but the Court has construed the document as making the following arguments:

First, Plaintiff argues at the beginning and end of his objections that the Court should reject the R&R because it was not received by Plaintiff until June 25, 2014, and there is no way he could "meet" it. The Court construes these portions of the objections as a request that the Court accept the objections as timely filed, which the Court has already done. Order, ECF No. 58.

Second, Plaintiff requests an extension of time to file objections, arguing the R&R was issued without complete knowledge of the facts. Plaintiff's request is denied. Despite his request for an extension of time, Plaintiff sufficiently argued the bases for his objections in the remainder of the document. The Court finds none of those objections has merit.

Third, Plaintiff objects again to the Ohio Attorney General's office representing Defendants, states conclusorily that Defendants are "colluding," and complains of the Magistrate Judge's refusal to add "them" to this case. The Court interprets Plaintiff's reference to "them" as a reference to Lawrence Freeman, Amy Hamilton, and Deputy Warden Cunningham, who Plaintiff sought to add as additional defendants in this case—a request the Order portion of the Order and R&R denied. He again contends that Lawrence Freeman, Amy Hamilton, and Deputy Warden Cunningham have retaliated against Plaintiff and attempted to deny Plaintiff his right to a trial by refusing to sign and advising others not to sign the affidavits Plaintiff requested they sign. *Id.* at 6.

Nothing in Plaintiff's objections on these issues shows the Order was clearly erroneous or contrary to law in its denial of Plaintiff's motion for joinder under Federal Rule of Civil Procedure 20. Indeed, Plaintiff's reiteration of his argument confirms that his claims against Freeman, Hamilton, and Deputy Warden Cunningham do not arise out of the same transaction or occurrence as his claims against Officer Elam and Lieutenant Collier. Accordingly, those objections are overruled.

Fourth, Plaintiff argues the prison officials alleged they were never shown Plaintiff's religious accommodation paperwork. He contends that, to the contrary,

Bruce Wilson's affidavit proves that Plaintiff showed his religious accommodation paperwork to Defendants before they placed him in segregation.[1]

Plaintiff apparently contends that Mr. Wilson's affidavit creates a genuine dispute of material fact as to whether Plaintiff showed the religious accommodation paperwork to Defendants before Lieutenant Collier placed him in segregation. The R&R, however, assumed that a genuine issue of material fact existed as to whether Plaintiff showed his religious accommodation paperwork to Defendants. R&R at 9–10, ECF No. 53. There is thus no error in the R&R on that point.

Fifth, Plaintiff contends the R&R erred in finding that Defendants' actions were "unintended." He contends that he provided proof via Mr. Wilson's affidavit that their actions were intentional. He also asserts that the dismissal of the misconduct ticket Plaintiff was issued for refusing to report to snow duty shows Defendants' actions were "intentional and intended to cause harm to Plaintiff." Obj. 5, ECF No. 57. Essentially, Plaintiff argues that because he showed the religious accommodation paperwork to Defendants before he was placed in segregation, Defendants' actions were an intentional perversion of justice. Obj. 5, ECF No. 57.

---

[1] In this portion of his objections, Plaintiff also offers an explanation of why he received a religious accommodation in the first place. He explains that he was originally assigned to kitchen duties and was forced to work on his Sabbath every other week. After receiving the religious accommodation paperwork, Plaintiff says he was excused from working in the kitchen on the Sabbath, "and this was intered [sic] into their computer." Obj. 4, ECF No. 57. The Court finds the origination of his religious accommodation is irrelevant to the claims in this case.

The Court construes this objection as an argument that Defendants retaliated against Plaintiff due to his exercise of religion and an objection to the R&R's conclusion that Plaintiff failed to raise a genuine dispute of material fact as to whether his exercise of religion was a motivating factor in placing Plaintiff into segregation. The Court agrees with the R&R, however, that the mere fact that Plaintiff was told to work snow duty even after showing his religious accommodation paperwork to Defendants[2] is not evidence of Defendants' *motivation* in telling Plaintiff to work snow duty.

Moreover, the Court has reviewed the Hearing Officer's Report finding Plaintiff not guilty of an offense violation for refusing to work snow duty. Ex. C, ECF No. 42-1, PAGEID # 320–21. The report does not, as Plaintiff suggests, state that Officer Elam and Lieutenant Cunningham acted intentionally to retaliate against Plaintiff for exercising his right to religion. Similarly, nothing in Wilson's affidavit, or any evidence submitted by Plaintiff, showed that Plaintiff's exercise of his religion was a motivating factor in Defendants' actions. Plaintiff's objections to the R&R's finding that he failed to raise a genuine dispute of fact as to causation are therefore overruled.[3]

Sixth, Plaintiff argues that verbal harassment, accompanied by punishment, is unconstitutional. This appears to be in response to the R&R's

---

[2] Which the Court assumes because there is a genuine dispute of material fact on that point.
[3] As noted above, even if the Court found a genuine dispute of material fact as to causation, Plaintiff's claim still fails because there is no dispute of fact as to whether he engaged in protected activity.

conclusion that verbal harassment alone does not rise to the level of a constitutional violation. R&R 8, ECF No. 53.

This objection fails because the R&R concluded only that Plaintiff's claims based *solely* on verbal harassment, i.e. the name calling, fail to rise to the level of a constitutional violation. Plaintiff's contention on objection is that the verbal harassment amounts to a constitutional violation when paired with the segregation. The R&R agreed with Plaintiff on that point, and Defendants conceded that Plaintiff's placement into segregation constituted an adverse action. *Id.* at 10.

Finally, Plaintiff argues that snow removal could have been performed by inmates other than himself. He asserts that because CCI agreed to the religious accommodation, it should be recognized by Defendants upon Plaintiff showing it to them. This argument fails because Plaintiff does not cite to any binding authority holding that conduct that otherwise violates a legitimate prison regulation becomes protected conduct if other inmates could perform the work.

## IV. CONCLUSION

Plaintiff's objections are overruled. The Court adopts the R&R. The Clerk shall enter judgment for Defendants and terminate the case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**